Hall, Judge.
 

 Whatever title
 
 William Brown
 
 had to the land in dispute has been transferred to the lessors of the Plaintiff, and on that title he rests his right to recover in the present action. That title is thus deduced.
 

 
 *197
 
 In the year
 
 1779,
 
 a grant issued from the State to
 
 Thomas I’itman
 
 for the land in dispute.
 
 Jesse Lee,
 
 by , -, , , deoil bearing date in 1314, conveyed the samo'laúd to
 
 William Drown,
 
 who had an uninterrupted possession of the land for seven years under that convey anee, before it was levied upon and sold to
 
 Jacob
 
 Rhodes.
 
 Jacob Rhodes,
 
 the purchaser, devised it to the lessor of the Plaintiff, and his title must be good, unless it has been weakened or destroyed by the claim set up by the Defendant.
 

 If
 
 William Brown,
 
 had conveyed the legal title in the land
 
 To the
 
 Defendant in
 
 1821,
 
 and
 
 they
 
 had both remained in possession so
 
 langas to
 
 make an uninterrupted possession of seven years from the time
 
 William Brown
 
 first took possession under" the deed from
 
 Lee,
 
 the title of the land would be in the Defendant ; for he and
 
 William
 
 would have had an uninterrupted possession for seven years under color of title.
 

 But it appears that the legal title liad not been conveyed to the
 
 Defendant;
 
 that he had an equitable claim to the land under an agreement with
 
 William Brown,
 
 which is not made part of this case, and that he and
 
 William
 
 remained in possession of the land, as before stated. As the Defendant has no title which can bo noticed in a Court of Law, his title avails nothing, as being adverse
 
 to William,
 
 but must be taken to enure to
 
 William Brown’s
 
 color of title ; for in truth what equitable claim the Defendant had, would Lave availed nothing without it.
 

 I therefore think, as
 
 William Brown
 
 had seven year’s possession under color of title, that his title is sufficient to enable the lessor of the Plaintiff to recover, having been transferred to him. The ride for a new trial should be discharged. If
 
 Rhodes,
 
 the purchaser, had notice of the Defendant’s equitable title, a Court of Equity will consider him as a trustee for Defendant.
 

 Per Curiam. — Let the judgment be affirmed.